UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD M. JONES,

                        Plaintiff,

Case # 17-CV-144-FPG

v.

DECISION AND ORDER

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

## INTRODUCTION

Ronald M. Jones brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security that denied his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 14. For the reasons that follow, the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

On April 5, 2013, Jones protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[1] 198-210. He alleged disability since October 18, 2010, due to chronic obstructive pulmonary disease ("COPD"), asthma, and glaucoma in both eyes. Tr. 220-21. On May 29, 2015, Jones and vocational expert ("VE") David Sypher appeared and testified at

---

[1] References to "Tr." are to the administrative record in this matter.

1

a hearing before Administrative Law Judge Sharon Seeley ("the ALJ"). Tr. 34-99. After the hearing, the ALJ served vocational interrogatories upon VE Jay Steinbrenner, and his responses became part of the record. Tr. 282-85. On March 15, 2016, the ALJ issued a decision finding that Jones was not disabled within the meaning of the Act. Tr. 15-29. On December 21, 2016, the Appeals Council denied Jones's request for review. Tr. 1-7. Thereafter, Jones commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. 20 C.F.R. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed Jones's claim for benefits under the process described above. At step one, the ALJ found that Jones had not engaged in substantial gainful activity since the alleged onset date. Tr. 17-18. At step two, the ALJ found that Jones has the following severe impairments: COPD and degenerative disc disease of the cervical spine. Tr. 18-19. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 20.

Next, the ALJ determined that Jones retains the RFC to perform light work[2] with additional limitations. Tr. 20-26. Specifically, the ALJ found that Jones can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; can sit for six hours in an eight-hour workday, but must alternate after one hour to standing for 10 minutes; can stand and walk for six hours in an eight-hour workday, but must alternate after one hour of standing or 30 minutes of walking to sitting for 10 minutes; can occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs; cannot climb ladders, ropes, or scaffolds; and must avoid exposure to pollen, smoke, dust, fumes, other pulmonary irritants, and extreme heat and cold. Tr. 20.

At step four, the ALJ relied on VE's Steinbrenner's interrogatory responses and found that Jones can perform his past relevant work as a case aide. Tr. 26-27. The ALJ made an alternative step five finding and relied on VE Sypher's testimony and VE Steinbrenner's responses to find that Jones can adjust to other work that exists in significant numbers in the national economy given

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

his RFC, age, education, and work experience. Tr. 27-28. Specifically, the ALJ found that Jones can work as a survey worker, gate guard, inspector/hand packager, and cashier-checker. Tr. 28-29. Accordingly, the ALJ concluded that Jones was not "disabled" under the Act. Tr. 29.

## II. Analysis

Jones contends that remand is required because the ALJ erred at step four when she found that Jones could perform his past relevant work as a case aide. ECF No. 12-1 at 7-9. Jones also argues that, assuming the ALJ erred at step four, the ALJ also erred at step five when she determined that Jones could perform other work that exists in the national economy. *Id.* at 9-11. For the reasons that follow, the Court determines that the ALJ did not err at step four and that her finding is supported by substantial evidence. Accordingly, the Court need not address Jones's second argument.

At step four of the disability analysis, the ALJ determines whether the claimant's RFC permits him to perform the requirements of his past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he is not disabled. *Id.* If he cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled and can perform other jobs. 20 C.F.R. §§ 404.1520(g), 416.920(g). At steps four and five, the ALJ relies primarily on the Dictionary of Occupational Titles ("DOT") and the Department of Labor's Selected Characteristics of Occupations ("SCO"). *See* S.S.R. 00-4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000). The ALJ also uses VEs at these steps "to resolve complex vocational issues." *Id.*

Here, VE Sypher testified that, based on Jones's age, education, work experience, and RFC, he could not perform any of his past relevant work. Tr. 91-92. After the hearing and before the ALJ rendered her decision, Jones turned 55-years-old, and therefore his age category changed from

"closely approaching advanced age" to "advanced age." Tr. 27; *see* 20 C.F.R §§ 404.1563, 416.963. An individual's age is relevant to the step five inquiry of whether he can adjust to other work that exists in the national economy, and the Commissioner "consider[s] advancing age to be an increasingly limiting factor in the person's ability to make such an adjustment." *Id.* at §§ 404.1563(a), 416.963(a). Thus, because Jones's age group changed, the ALJ sent written vocational interrogatories to VE Steinbrenner. Tr. 27, 282-85. VE Steinbrenner opined that, based on Jones's age, education, work experience, and RFC, he could perform his past relevant work as a case aide. Tr. 283-84.

At step four of her decision, the ALJ recognized that VE Sypher opined that Jones could not perform any of his past relevant work, while VE Steinbrenner opined that he could perform his past relevant work as a case aide. Tr. 27. In light of this discrepancy, the ALJ compared the requirements of the case aide position in the DOT with Jones's RFC and found that the case aide requirements did not exceed the RFC. *Id.* Thus, the ALJ credited VE Steinbrenner's opinion, found that Jones can work as a case aide, and determined that he is not disabled. *Id.*

Jones asserts that the ALJ's comparison of the DOT to the RFC did not adequately resolve the discrepancy between the VE opinions. Specifically, Jones argues that the DOT does not illuminate whether he can perform the case aide job, because it does not address whether a sit/stand opinion is available in accordance with the RFC.

Social Security Ruling 00-4p, which clarifies the SSA's standards for using a VE, instructs the ALJ to "elicit a reasonable explanation" if there is "an apparent unresolved conflict" between VE evidence and the DOT before she relies on the VE to support a disability determination. S.S.R. 00-4p, 2000 WL 1898704, at *2; *see also Patti v. Colvin*, No. 13-CV-1123-JTC, 2015 WL 114046, at *6 (W.D.N.Y. Jan. 8, 2015) (noting that the ALJ has "an affirmative duty . . . to identify and

6

resolve any conflict between the [VE]'s testimony and the DOT before relying on such testimony").

Jones does not specifically argue that a conflict existed between the evidence the VEs provided and the DOT. Instead, he asserts that the difference in their opinions cannot be reconciled by referring to the DOT because the DOT is silent on sit/stand limitations. This argument fails, because "when the DOT does not specifically provide for a particular restriction, there is no 'actual conflict' between the VE's testimony and the DOT." *Reisinger v. Comm'r of Soc. Sec.*, No. 7:16-CV-428 (ATB), 2017 WL 2198965, at *10 (N.D.N.Y. May 18, 2017) (collecting cases); *see also Wellington v. Astrue*, No. 12 CIV. 3523 KBF, 2013 WL 1944472, at *4 (S.D.N.Y. May 9, 2013) ("Because the DOT does not address the availability of a sit/stand option, it cannot contradict the vocational expert's testimony which endorsed such an option.") (collecting cases).

Accordingly, the ALJ's step four finding is not improper just because Jones's RFC contains a sit/stand option and the DOT's description of the case aide position is silent on whether this option exists. Moreover, the hypothetical RFC that the ALJ posed to VE Steinbrenner included the sit/stand limitation, and VE Steinbrenner nonetheless concluded that Jones could work as a case aide. Although VE Sypher concluded that Jones could not work as a case aide, he did not indicate that this was because of the RFC's sit/stand limitation.

In fact, despite Jones's contrary assertion, the Court finds that the case aide position description and requirements set forth in the DOT and the SCO provide substantial evidence in support of the ALJ's step four determination. For example, the RFC restricts Jones to light work and the DOT describes the case aide position as light work. *See* DOT – Case Aide #195.367-010, 1991 WL 671595 (Jan. 1, 2016). The RFC also requires Jones to only occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs; never climb ladders, ropes, or scaffolds; and avoid

exposure to pollen, smoke, dust, fumes, other pulmonary irritants, and extreme heat and cold. Tr. 20. The SCO indicates that all of these activities and conditions are "not present" in the case aide job. *See* Case Aide, 1991 WL 671595.

VE Steinbrenner's opinion also constitutes substantial evidence in support of the ALJ's step four finding. The ALJ's interrogatories to VE Steinbrenner set forth Jones's past relevant work and asked him to assume a hypothetical individual who has the same age, education, skills, and communication ability as Jones. Tr. 283-84. The ALJ asked VE Steinbrenner to consider those factors in conjunction with an RFC that is identical to the one that the ALJ assigned to Jones. Tr. 284. In response, VE Steinbrenner opined that such an individual could work as a case aide. *Id.*

The ALJ may pose a hypothetical question to the VE and rely on the VE's response "as long as there is substantial record evidence to support the assumption[s] upon which the [VE] based his opinion and accurately reflect the limitations and capabilities of the claimant involved." *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (quotation marks and citations omitted). Here, the hypothetical question the ALJ posed to VE Steinbrenner was consistent with Jones's RFC,[3] age, education, and work experience, and thus he was entitled to rely on VE Steinbrenner's response.

Although VE Sypher concluded that Jones cannot perform any of his past relevant work, the ALJ is "entitled to resolve conflicts in the record." *Royal v. Astrue*, No. CIV.A. 5:11-456, 2012 WL 5449610, at *6 (N.D.N.Y. Oct. 2, 2012), *report and recommendation adopted*, No. 5:11-CV-0456 GTS/ESH, 2012 WL 5438945 (N.D.N.Y. Nov. 7, 2012). Despite the freedom to resolve such conflicts, the ALJ "cannot pick and choose only evidence that supports a particular

---

[3] Jones does not argue that the RFC is unsupported by substantial evidence or that the ALJ erred when she assessed the RFC.

8

conclusion." *Id.* (citations omitted). Here, the ALJ did not "pick and choose" evidence that supported a finding of not disabled; rather, she acknowledged the conflict between VE Sypher and Steinbrenner's opinions and adequately resolved that conflict by comparing the DOT and the RFC.

Even though it is possible that VE Sypher's opinion may constitute substantial evidence in support of Jones's position that he cannot work as a case aide, the relevant inquiry for the Court is whether substantial evidence supports the ALJ's step four finding. *See Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order) ("[W]hether there is substantial evidence supporting the appellant's view is not the question here; rather, we must decide whether substantial evidence supports *the ALJ's decision*.") (emphasis in original). For all the reasons discussed above, the Court finds that the ALJ did not err and that the step four finding is supported by substantial evidence.

## CONCLUSION

The Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 26, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

9